*Formatted for Electronic Distribution*                                                    *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:

    Tammy J. Cusson,
             Debtor.

_____

Filed & Entered
On Docket
February 22, 2008

Chapter 7 Case
# 06-10195

## ORDER DENYING
## CREDITOR'S MOTION FOR A STAY PENDING APPEAL

      On November 29, 2007, the Debtor, Tammy J. Cusson, filed a motion to reopen her chapter 7 case[1] (doc. # 21), which had been closed by final decree on August 22, 2006 (doc. # 19). In that motion, the Debtor explained that she was seeking to reopen her case in order to obtain a determination on the status of a lien held by James Naylor individually and doing business as Naylor Construction (together, the "Creditor") against her homestead property (doc. # 21). The Creditor objected (doc. # 23). At the hearing on January 15, 2008, the Court granted the Debtor's motion to reopen in the exercise of discretion authorized by § 350(b) of the Code. The Court issued an Order on January 18, 2008 memorializing its decision and specifically finding that the Debtor had shown good cause to reopen the case (doc. # 25).

      On January 25, 2008, the Creditor appealed the order reopening the case (doc. # 27). On January 31, 2008, the Creditor filed a motion for a stay pending appeal claiming that: (1) the renewed motion to avoid the Creditor's statutory lien constituted "forum shopping," in that the Debtor's motion was based upon a desire to litigate the lien's validity in this Court rather than state court; (2) the Creditor was prejudiced by the delay caused by reopening the case in this court; (3) in order to reopen a case, the Court must make a finding that no prejudice will inure to the Creditor; and (4) the Court "lacks jurisdiction to hear debtor's claim about the proper statutory construction of the state statute she cites. . ." (doc. # 33). The Debtor opposed the Creditor's motion for a stay pending appeal (doc. # 48). The Debtor argued that: (1) the bankruptcy court was the proper forum to resolve matters related to the Debtor's assets and had jurisdiction to adjudicate this proceeding; (2) the order reopening the case did not afford substantive relief and therefore a stay was neither necessary nor prudent; (3) judicial economy would be well served by continuing the proceedings here since the matter is ripe for decision; (4) the Creditor is incorrect in asserting that the Court must make a finding that no prejudice will inure to the Creditor in order to reopen a case; and (5) in any event, an order reopening a case is not a final, appealable order. (Id.)

---

[1] Along with her motion to reopen, the Debtor filed a motion to determine the secured status of the Creditor's lien and/or to avoid the Creditor's lien in part (doc. # 22).

The Creditor then filed a supplemental memorandum in support of his stay motion, addressing the four elements it is required to show in order for a court to grant a stay pending appeal (doc. # 43). The Creditor contends that: (1) because the Court did not make a finding that the Creditor would not be prejudiced by reopening the case, and because the Creditor had expended legal fees prosecuting his state court action and defending the Debtor's appeal to the Vermont Supreme Court, he has established that he would be prejudiced and that he would prevail on his appeal; (2) he would be irreparably harmed if this Court ignores the law governing the date when impairments may be determined and adopts the Debtor's construction of the state statute governing perfection of liens; (3) the Debtor would not be prejudiced during the stay, since she remains in the property at issue; and (4) the public is not involved and its interest is not affected by a stay. (Id.)

A motion for a stay pending appeal "is an extraordinary remedy and requires a substantial showing on the part of the movant." In re Lickman, 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003). The Bankruptcy Code provides that the filing of an appeal "does not stay any proceeding of the bankruptcy court. . . from which the appeal is taken, unless the respective bankruptcy court . . .in which  the appeal is pending[] issues a stay of such proceeding pending the appeal." 28 U.S.C. § 158(d)(2)(D). The four factors a court must consider when presented with a motion for a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The Second Circuit has "also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that 'the more of one [factor] excuses less of the other.'" Id. (quoting Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006)).

With regard to the first stay factor, whether the Creditor has made a strong showing that he is likely to succeed on the merits, the Court finds that the Creditor has failed to meet his burden. Section 350(b) provides that "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The Court has broad discretion to determine what constitutes 'cause' for reopening a case under § 350(b)." In re Rosillo, 2007 WL 2230765 * 2 (Bankr. S.D.N.Y. July 31, 2007). The standard of review employed by district courts when reviewing bankruptcy court orders reopening cases is abuse of discretion. State Bank of India v. Chalsani (In re Chalsani), 92 F.3d 1300, 1307 (2d Cir. 1996) ("Decisions by the bankruptcy court granting or denying a motion to reopen  . . . are not disturbed, absent an abuse of discretion."). Moreover, "grounds for reopening [a case to accord relief to the debtor] include the debtor's desire to file a motion to avoid a lien under § 522(f) of the Code." Rosillo, 2007 WL 2230765 at * 2 (quoting 3 Collier on Bankruptcy ¶ 350.03[3]-[4]); In re Weinstein, 164 F.3d 677, 686 n.7 (1st Cir. 1999) (observing that it is well-

established that § 350(b)'s provision for "accord[ing] relief to the debtor" encompasses lien avoidance). This Court's decision to reopen the case, in order to adjudicate the issue of whether the Creditor's lien may be avoided, is in full accord with case law allowing reopening on that basis. As a result, the Court finds that the Creditor has not demonstrated that he is likely to succeed on appeal.

In addition, as the Debtor points out, a reopening order is interlocutory and therefore not appealable as of right because it does not "completely resolve all of the issues pertaining to a discrete claim." In re Fugazy Express, Inc., 982 F.2d 769, 775-76 (2d Cir. 1992). In In re Cutter, 2006 WL 2482674 *2 (E.D.N.Y. Aug. 29, 2006), the district court held that the bankruptcy court's reopening order was not final. Therefore, the Creditor will have to make additional arguments to the district court for leave to appeal in order for that court to even consider addressing the appeal of the order reopening the case. This additional procedural hurdle makes it even less likely that the Creditor will prevail on appeal.

The Creditor cites In re Carilli, 65 B.R. 280 (E.D.N.Y. 1986) as holding that bankruptcy courts must make a finding that "no prejudice will inure to a creditor" before it reopens a case (doc. ## 33, 43). He claims that he has established that he has been prejudiced (by spending time and money in prosecuting his case against the Debtor in state court) and therefore, since this Court made no finding of prejudice, he will prevail on appeal and this satisfies the first prong of the stay test. However, the Creditor has misread Carilli. The citation in Carilli reads as follows: "The weight of authority holds that absent a finding of prejudice to the creditor, the court may reopen a case so that debtors may 'employ the remedy granted them by § 522(f).'" Carilli, 65 B.R. at 282 (quoting In re Tarrant, 19 B.R. 360, 364 (Bankr. D. Alaska 1982)). An objective reading of this sentence is that a court may reopen a case unless it finds that a creditor would be prejudiced; it does not require the court to make an affirmative finding that the creditor will not be prejudiced by the reopening of the case. Since there is no requirement to find the absence of prejudice prior to reopening a case, the Creditor's argument on this aspect of the first prong of the stay test also fails.

The next prong of the stay analysis is whether the stay applicant will be irreparably injured absent the granting of a stay. The applicant generally must show that legal remedies (i.e., money damages) are inadequate to protect it during the pendency of the appeal. See, e.g., In re Hamilton, 95 B.R. 564, 565 (N.D. Ill. 1989). "The irreparable harm must be neither remote nor speculative, but actual and imminent. Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." Lickman, 301 B.R. at 748 (quotation marks and citations omitted). The Creditor has made no such showing. The Creditor complains instead of injury (or, more specifically, prejudice) due to delay, but the delay appears to refer to the time he had taken to prosecute his state court action against the Debtor. In any event, however, "[p]assage of time in itself does not constitute prejudice," In re Bianucci, 4 F.3d 526, 528 (7th Cir. 1993), and prejudice does not constitute irreparable injury.

In addition, the Creditor argues that he will be irreparably harmed if this Court ignores the law governing perfection of liens and adopts its adversary's construction of a state statute to determine whether the Creditor's lien is void. However, these arguments go to the merits of the motion to avoid lien, and not to the showing required for irreparable injury as a condition precedent for the granting of a stay. Accordingly, the Court finds that the Creditor has not established this "irreparable harm" element of the stay test.

The third prong of the stay test is "whether issuance of the stay will substantially injure the other parties interested in the proceeding." WTC Disaster Site Litig., 503 F.3d at 170. There seems to be no dispute that the stay would only delay the adjudication of the lien issue, which is ripe for resolution. The Creditor asserts that the Debtor will not be prejudiced by such delay, as she remains in the property at issue (doc. # 43). The Creditor's argument appears to be supported by the record. The Court also notes that the Debtor has presented no evidence or argument that the issuance of a stay would substantially injure other parties interested in the proceeding. Thus, the Court finds that the Creditor has established the third element of the stay test.

The Creditor has, however, failed to establish the criteria set forth in the public interest prong of the test. Many cases have found that granting a stay frustrates the operation of the Code, and thus the public interest. See In re Richmond Metal Finishers, Inc., 36 B.R. 270, 273 (Bankr. E.D. Va. 1984) ("If there is a public interest in this matter, it is seeing that the purposes and policies of the Bankruptcy Code are not frustrated, particularly the underlying policy of bankruptcy law to help reorganize debtors and provide a 'fresh start.' In this regard any 'public interest' weighs against granting the stay."). While this prong is the least influential in the Court's determination of whether to grant a stay in this particular case, to the extent it is applicable, the Creditor has failed to present any persuasive argument that would support the granting of a stay herein. Thus, he has not established the fourth prong of the stay test.

In sum, the Court finds that the Creditor has failed to establish the first, second, and fourth prongs of the test for a stay pending appeal. The fact that he has established the third prong is not sufficient to overcome the weight accorded to the three other prongs of the test.

For these reasons, the Court finds that the Creditor has failed to establish the requisite showing for a stay pending appeal. Accordingly, the Creditor's motion for a stay pending appeal is denied.

SO ORDERED.

February 22, 2008  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge